ERVIN, Justice.
This case is on appeal from a final order entered by the Circuit Court of Volusia County on June 6, 1964, dismissing Appellants’ complaint and denying a temporary injunction seeking to restrain the City Commissioners of Daytona Beach, Florida, and its Urban Renewal Advisory Board members, Appellees, from proceeding to consummate with the Federal Urban Renewal Administration an urban renewal project pursuant to the authority of Chapter 61-2067, Special Acts, Laws of Florida 1961, and the Slum Clearance and Urban Renewal Law of the United States in Sections 1441 et seq., of Title 42 U.S.C.A. Appellants are members of the Negro race, most of whom reside in the area to be included in the Urban Renewal project.
The Circuit Court in its order upheld the validity of said Chapter 61-2067 and the Slum Clearance and Urban Renewal Law.
The court invalidated Sections 5 and 9 of the Charter of the City of Daytona Beach, Chapter 19768, Special Acts of 1939, as amended, which respectively prescribe election zones or districts for the City Commissioners and authorize the segregation of white and Negro residential areas, but providing in its order: “ * * * Nothing *168 herein contained shall he construed as affecting the term of office of those Commissioners presently elected and now holding office as City Commissioners of said City, or their successors in office for the balance of said term in the event of death, resignation, recall or other vacancy which may come into existence during said term.”
Appellants assigned as error the decision of the Circuit Court upholding the validity of Chapter 61-2067, the Slum Clearance Project, and the continuance of the City Commissioners for their respective terms or those succeeding them to fill vacancies in said terms. No cross appeal by Appellees was taken.
We believe the final order of the Circuit Court should be affirmed as to the said errors specifically assigned.
Chapter 61-2067 is similar to the special act relating to the City of Tampa which was upheld by this Court in Grubstein v. Urban Renewal Agency of City of Tampa (Fla.), 115 So.2d 745. We affirm the Circuit Court in upholding Chapter 61-2067 upon the authority of that case.
The contention that the Circuit Court erred in continuing said elected Commissioners or their particular successors, if any, for the remainder of their respective terms, even though they represent mal-apportioned zones or electoral districts which the Circuit Court held to be invalid, does not find support in current authority treating upon analogous situations. The Circuit Court apparently followed such cases as Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed. 2d 506, and others of like import in its determination to continue the Commissioners in office for the remainder of their terms of office. In the Reynolds case, the Supreme Court of the United States said:
“ * * * And it [the District Court] correctly recognized that legislative reapportionment is primarily a matter for legislative consideration and determination, and that judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so. * * ”
Counsel for Appellees has advised us the present City Commission is proceeding to realign its Commission zones or electoral districts in order to rectify the malappor-tionment which the Circuit Court found to exist. He also advises that the City has never attempted to exercise the authority of Section 9 of the City Charter to segregate white and Negro residential areas.
 In respect to the final contentions of Appellants that the proposed urban renewal project is structured in a racially discriminatory manner and planned and designed to further objectives which are racially discriminating, we find the same to be wholly without merit. We have very carefully read and considered the transcript of testimony and documentary evidence. We note the able Chancellor painstakingly gave Appellants fair and full opportunity to prove that the area of the city which the City Commission determined to be a slum and subject to urban renewal was in point of fact selected and structured to further some racially invidious purpose or was calculated to promote racial discrimination. But this Appellants were wholly unable to prove. • Moreover, the witnesses for the City and the Federal Urban Renewal Administration made it manifestly clear by their testimony that the urban renewal project embraced one of the worst, if not the worst, slum areas of the city and that it came within the clear contemplation of applicable State and Federal urban renewal laws, and that it met the standards of feasibility and other criteria prescribed by said laws, and that there was no element of racial discrimination involved in the selection of the area or in any other facet of the project. Ap *169 pellants’ contentions that the Urban Renewal plan is essentially arbitrary and unreasonable and that it operates unfairly upon citizens resident in the area or discriminates against them in terms of race, age, indigency or otherwise, is not supported in the record or by the authorities relied upon by Appellants. We are unable to find any logical reasons in fact or in law supporting Appellants’ contsntions on this score. Nor do we think that because the Circuit Judge found the City Commissioners’ electoral zones to be malappor-tioned that this in itself has the secondary effect of vitiating the resolution of the City Commission approving the said Urban Renewal project.
Affirmed.
DREW, C. J., THOMAS, ROBERTS, O’CONNELL and CALDWELL, JJ., and McCORD, Circuit Judge, concur.